UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SHAWN RIGSBY,<br><br>　　Plaintiff,<br><br>　　v.<br><br>DUSTY LOVING, et al.,<br><br>　　Defendants. | Case No. 3:23-CV-268-CCB-SJF |

## OPINION AND ORDER

At the time of filing the initial complaint in this action, Plaintiff Shawn Rigsby ("Rigsby") was a prisoner incarcerated at Westville Correctional Facility. (ECF 1 at 1). On May 30, 2023, Rigsby was released from confinement. (ECF 6). A few months later, in November 2023, Rigsby was arrested and held in Allen County Jail pending new criminal charges in Allen County, Indiana. (ECF 26). Rigsby was convicted on those criminal charges and sent back to Westville Correctional Facility, where he currently resides. (ECF 98) *State v. Rigsby*, Cause No. 02D04-2311-F6-1528 (Allen Sup. Ct. Sept. 12, 2024).

On September 10, 2024, Rigsby, by counsel, filed an amended complaint. (ECF 81). Pursuant to 28 U.S.C § 1915A, the court must first screen a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."28 U.S.C.A. § 1915A (West). "Prisoner", as used in this section, means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law

or the terms and conditions of parole . . ..." *Id.* Rigsby was detained in Allen County Jail on pending criminal charges and parole violations when he filed the amended complaint. (ECF 81). Rigsby remains incarcerated with the Indiana Department of Corrections ("IDOC") (ECF 98), therefore, Rigsby is a "prisoner" for purposes of the screening requirement under 28 U.S.C § 1915A and his amended complaint (ECF 81) must be screened before the case may proceed. 28 U.S.C.A. § 1915A (West). Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss the complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.*

Rigsby alleges essentially the same facts that he alleged in the previous amended complaint. (ECF 43) (ECF 81). It would be pointless to recite all the facts in detail again here, at least where there are not significant differences between the current complaint and the previous one. Therefore, the allegations of the amended complaint will only be included here where they are necessary to understand any changes from the prior screening order. In this Court's prior screening order, Rigsby was granted leave to proceed on several claims. It provided, in relevant part, the following:

> (1) GRANTS Shawn Rigsby leave to proceed against Steve Morales (previously identified as John Doe #1) in his individual capacity for compensatory and punitive damages for deliberate indifference to his safety by labeling him a check-in in front of other offenders on November 25, 2022, in violation of the Eighth Amendment;
>
> (2) GRANTS Shawn Rigsby leave to proceed against Correctional Officer Matthew Lemerond in his individual capacity for compensatory and punitive damages for being deliberately indifferent to his safety by sending him into the dorm after witnessing inmates threaten him following Steve

>Morales's labeling of Rigsby a check-in on November 25, 2022, in violation of the Eighth Amendment;
>
>(3) GRANTS Shawn Rigsby leave to proceed against Sgt. Dusty Loving in his individual capacity for compensatory and punitive damages for using excessive force against him on November 25, 2022, in violation of the Eighth Amendment;
>
>(4) GRANTS Shawn Rigsby leave to proceed against Sgt. Jaylin (or Jaelin or Jalynn) Jones in her individual capacity for compensatory and punitive damages for failing to intervene in Sgt. Loving's alleged use of excessive force, in violation of the Eighth Amendment;
>
>(5) GRANTS Shawn Rigsby leave to proceed against Sgt. Loving, Sgt. Jaylin (or Jaelin or Jalynn) Jones, Nurse Eva Orvis, Alex McGowen, Michal Dombroski, and Sergeant Oscar Parrish **(the Court trusts that discovery will identify the appropriate party – originally identified as "John Doe #3" - and that counsel will dismiss the remaining two defendants)** in their individual capacities for compensatory and punitive damages for deliberate indifference to medical needs following Sgt. Loving's alleged use of excessive force on November 25, 2022, in violation of the Eighth Amendment[.]

(ECF 47 at 6-7). The amended complaint again states a claim against each of these defendants. The claim against Officer Steve Morales and Correctional Officer Matthew Lemerond will be amended to reflect the allegation in the current complaint that the incident occurred on either November 24, 2022, or November 25, 2022. The spelling of Nurse Eva Orris' name will also be corrected from Nurse Eva Orvis to Nurse Eva Orris.

The amended complaint also names the following defendants: Andrew Bey, Lt. Antonio Santos, Centurion Health of Indiana, LLC, and State of Indiana/Indiana Dept. of Correction/Westville Correctional Facility. Rigsby's claims against each of these defendants will be addressed separately.

3

*Officer Andrew Bey*

Rigsby named Andrew Bey as a defendant in his original complaint (ECF 1), but he omitted him from his previous amended complaint (ECF 43). In screening the original complaint, the Court found that he did not state a claim against Bey (ECF 10). He now alleges essentially the same facts that he included in his original complaint, although he has provided more details.

Rigsby alleges that, around 9:45 p.m. on November 24, 2022, he told Officer Andre Bey that he was being targeted for an attack and he was requesting protective custody. (ECF 81 at 3). Officer Bey placed Rigsby in the day room and gave him a paper to fill out to request protective custody. (*Id.*) Rigsby returned the form to Officer Bey. (*Id.*) Officer Bey then unlocked the doors to the bed area without first securing Rigsby. (*Id.*) Rigsby was immediately surrounded by inmates who pushed, poked, and spat on him. (*Id.*) Officer Bey watched the encounter and allegedly did nothing to intervene. (*Id.*)

As noted in the earlier screening order (ECF 10), when an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "[A] complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the

4

complaint was communicated had actual knowledge of the risk." *Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015). "[P]risons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008).

It is unclear what Officer Bey knew about the threat and it cannot be plausibly inferred from the allegations in the amended complaint that he had information regarding a specific, credible, and imminent risk of serious harm. Furthermore, Rigsby says he was pushed, poked, and spat upon, but he has not described any physical injury. *See* 42 U.S.C.A. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]"). Therefore, he cannot proceed on this claim.

Once an offender is under an attack, an officer cannot just stand by and do nothing. *See Schillinger v. Kiley*, 954 F.3d 990, 994-95 (7th Cir. 2020); *see also Borello v. Allison*, 446 F.3d 742, 748-49 (7th Cir. 2006) (noting Eighth Amendment violation can occur where prison official "did not respond to actual violence between inmates"). On the other hand, "correctional officers who are present during a violent altercation between prisoners are not deliberately indifferent if they intervene with a due regard for their safety[.]" *Shields v. Dart*, 664 F.3d 178, 181 (7th Cir. 2011) (quotation marks omitted). Rigsby alleges that Officer Bey did not make any efforts to protect him once the attack was underway. (ECF 81 at 3). While Rigsby indicates he was pushed, poked, and spat upon, he has not indicated that he suffered any physical injury. Without a

5

physical injury, Rigsby will not be permitted to proceed against Officer Bey for failing to intervene in the alleged attack once it was underway.

As to Officer Bey, Rigsby further alleges that he entered the officer's station for refuge. (ECF 81 at 3). Officer Bey ordered Rigsby to leave. (*Id.*) Rigsby tried to sit down in an adjoining room, but Officer Bey grabbed Rigsby and threw him out of the officer's station, on to the dayroom floor. (*Id.*) Rigsby was then transported to a holding cell in the Industrial Complex. (*Id.*)

Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the constitution. *Graham v. Conner*, 490 U.S. 386, 396 (1989), *quoting Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973), *cert. denied* 414 U.S. 1033 (1973). The amended complaint does not permit a plausible inference that the force used was excessive, and Rigsby therefore will not be permitted to proceed on this claim.

*Lt. Antonio Santos*

Like Defendant Bey, Lt. Antonio Santos was named as a defendant in Rigsby's initial complaint, but not in his previous amended complaint. (ECF 1) (ECF 43). The amended complaint now before the Court (ECF 81) again includes Lt. Antonio Santos as a defendant.

As to Lt. Santos, Rigsby alleges that, later on the morning of November 25, 2022, Rigsby was ordered to get up, but he explained that he could not get up due to his injuries.[1] (ECF 81 at 5). Lt. Antonio Santos and another officer grabbed him by the hair and throat, snatched him off the floor, and drug him to a holding cell near the nurse's station. (*Id.* at 6). Rigsby begged Nurse Eva Orris for help. Lt. Santos told him to shut up or he would go "back upstairs to let them finish the job." (*Id.* at 6). Nurse Orris checked his vital signs but provided no further care for his injuries. (*Id.*).

Rigsby was taken back to a holding cell. (*Id.*). Lt. Santos returned later with a protective custody form and told Rigsby exactly what to write. (*Id.*). Lt. Santos allegedly threatened to send Rigsby back upstairs if he did not cooperate. (*Id.*). At Lt. Santos' direction, Rigsby blamed someone named Cross, who Rigsby does not know, for his injuries instead of Sgt. Loving. (*Id.*).

These allegations are sufficient to state a claim against Lt. Santos for using excessive force in violation of the Eighth Amendment. Given the seriousness of his

---

[1] While the details of Rigsby's encounters with inmates around 5:00 a.m. on November 25, 2022, and the alleged assault by Sgt. Dusty Loving will not be provided here, Rigsby suffered serious injuries because of these encounters, including a nosebleed and fractures to his jaw, orbital bones, and ribs. (ECF 81 at 4-5.)

injuries, Rigsby will also be permitted to proceed against Lt. Santos for denying him medical care, in violation of the Eighth Amendment.

*Centurion Health, LLC*

The amended complaint adds Centurion Health, LLC, as a defendant. The only allegations against Centurion Health, LLC are as follows:

> Defendant Centurion Health of Indiana, LLC violated Plaintiff's constitutional right to appropriate medical care by delaying much-needed medical care for injuries caused by previous assault and batteries and uses of excessive force by inmates and officers alike.

(ECF 81 at 2). A private company performing a public function can be held liable if its own policies caused an alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). The purpose of the official policy requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). Rigsby has not alleged facts from which it can be plausibly inferred that Centurion had a policy of delaying necessary medical care following instances of excessive force or inmate assaults. Therefore, he may not proceed against Centurion Health, LLC.

*State of Indiana/ Indiana Dept. of Correction; Westville Correctional Facility*

The amended complaint adds the "State of Indiana/Indiana Department of Corrections/Westville Correctional Facility" as a defendant. (ECF 81 at 2). Rigsby cannot proceed against the Westville Correctional Facility because it is a building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

8

To the extent that Rigsby is pursuing claims under Indiana Law, the Indiana Tort Claims Act ("ITCA") applies. Ind. Code § 34-13-3 *et seq.* Under the ITCA, any recovery available to Rigsby must be based on a claim against the Indiana Department of Correction, because the ITCA prohibits tort suits against government employees personally for conduct within the scope of their employment. *See* Ind. Code § 34-13-3-5(b); *see also Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014) ("Under the Indiana Tort Claims Act, there is no remedy against the individual employee so long as he was acting within the scope of his employment."). Instead, the governmental employer is held liable for its employee's actions: "[g]overnmental entities are subject to liability for torts committed by their agencies or employees unless one of the immunity provisions of the [ITCA] applies." *Minks v. Pina*, 709 N.E.2d 379, 382 (Ind. App. Ct. 1999). However, the Indiana Department of Correction is an arm of the State. *See* Ind. Code § 11-8-2-1 ("There is established in the executive branch of state government a department of correction."). This means that it shares Indiana's Eleventh Amendment immunity, preventing it from being sued in federal court unless an exception applies. *Burrus v. State Lottery Comm'n of Ind.*, 546 F.3d 417, 420 (7th Cir. 2008) ("[S]tate agencies, as arms of the state, are immune from suit under the Eleventh Amendment.").

The ITCA explicitly states that "[t]his chapter shall not be construed as ... consent by the state of Indiana or its employees to be sued in any federal court." Ind. Code 34-13-3-5(f). While there are several exceptions to Eleventh Amendment immunity, none apply here. *See MCI Telecommunications Corp. v. Ill. Com. Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999); *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir.

9

2005). This means that Rigsby cannot bring his potential ITCA claims in federal court. Therefore, the State of Indiana / Indiana Department of Correction will be dismissed without prejudice.

For these reasons, the Court:

(1) GRANTS Shawn Rigsby leave to proceed against Steve Morales (previously identified as John Doe #1) in his individual capacity for compensatory and punitive damages for deliberate indifference to his safety by labeling him a check-in in front of other offenders on November 24, 2022, or November 25, 2022, in violation of the Eighth Amendment;

(2) GRANTS Shawn Rigsby leave to proceed against Correctional Officer Matthew Lemerond in his individual capacity for compensatory and punitive damages for being deliberately indifferent to his safety by sending him into the dorm after witnessing inmates threaten him following Steve Morales's labeling of Rigsby a check-in on November 24, 2022, or November 25, 2022, in violation of the Eighth Amendment;

(3) GRANTS Shawn Rigsby leave to proceed against Sgt. Dusty Loving in his individual capacity for compensatory and punitive damages for using excessive force against him on November 25, 2022, in violation of the Eighth Amendment;

(4) GRANTS Shawn Rigsby leave to proceed against Sgt. Jaylin (or Jaelin or Jaynn) Jones in her individual capacity for compensatory and punitive

damages for failing to intervene in Sgt. Loving's alleged use of excessive force, in violation of the Eighth Amendment;

(5) GRANTS Shawn Rigsby leave to proceed against Lt. Antonio Santos in his individual capacity for compensatory and punitive damages for using excessive force against him on November 25, 2022, in violation of the Eighth Amendment;

(6) GRANTS Shawn Rigsby leave to proceed against Sgt. Loving, Sgt. Jaylin (or Jaelin or Jalynn) Jones, Lt. Antonio Santos, Nurse Eva Orris, Alex McGowen, Michal Dombroski, and Sergeant Oscar Parrish **(the Court trusts that discovery will identify the appropriate party – originally identified as "John Doe #3" - and that counsel will dismiss the remaining two defendants)** in their individual capacities for compensatory and punitive damages for deliberate indifference to medical needs following Sgt. Loving's alleged use of excessive force on November 25, 2022, in violation of the Eighth Amendment[.]

(7) DISMISSES all other claims;

(8) DISMISSES Officer Andrew Bey;

(9) DISMISSES Centurion Health, LLC, and Westville Correctional Facility;

(10) DISMISSES State of Indiana/Indiana Dept. of Correction WITHOUT PREJUDICE;

(11) LIFTS the STAY because the amended complaint (ECF 81) has now been screened; and

11

(12) ORDERS, under 42 U.S.C. § 1997e(g)(2), Correctional Officer Matthew Lemerond, Sgt. Dusty Loving, Sgt. Jaylin (or Jaelin or Jalynn) Jones, Lt. Antonio Santos, Nurse Eva Orris, Steve Morales, Alex McGowen, Michael Dombroski, and Sergeant Oscar Parrish to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 2, 2025.

                                                /s/*Cristal C. Brisco*
                                                CRISTAL C. BRISCO, JUDGE
                                                UNITED STATES DISTRICT COURT